# EXHIBIT "A"

<u>**INDEX OF DOCUMENTS FILED/SERVED**</u>

**Walker Bassett v. Foley Cellulose, LLC**
**Circuit Court of Third Judicial Circuit, Taylor County, Florida**
**Case No.: 21-CA-543**

| <u>Date Filed</u> | <u>Document</u> |
|---|---|
| 10/13/2021 | Complaint |
| 10/13/2021 | Civil Cover Sheet (filed, not served) |
| 10/15/2021 | Summons (issued) |
| 10/19/2021 | Return of Service |

49212964.1

Filing # 136496725 E-Filed 10/13/2021 03:54:44 PM

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR TAYLOR COUNTY, FLORIDA

WALKER BASSETT,

CASE NO.: 21-CA- 543
FLA BAR NO.: 0739685

Plaintiff,

v.

FOLEY CELLULOSE LLC,                    **SUMMONS**

Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

**FOLEY CELLULOSE LLC**
**C/O UNITED AGENT GROUP INC. – REGISTERED AGENT**
**801 US HIGHWAY 1**
**NORTH PALM BEACH, FL 33408**

Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street,**
**Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

DATED on _October 15_, 2021.

CLERK OF THE CIRCUIT COURT

By: _Marti Lee DC_

IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT, IN AND
FOR TAYLOR COUNTY, FLORIDA

WALKER BASSETT,

     Plaintiff,

CASE NO.: 21-CA-
FLA BAR NO.: 0739685

v.

FOLEY CELLULOSE LLC,

     Defendant.

_____/

## COMPLAINT

Plaintiff, WALKER BASSETT, hereby sues Defendant, FOLEY CELLULOSE LLC, and alleges:

### NATURE OF THE ACTION

1.     This is an action brought under Chapter 448, Florida Statutes, and under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2.     This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.     At all times pertinent hereto, Plaintiff, WALKER BASSETT, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his status as a private whistleblower, age (59), disability, and he was retaliated against after reporting Defendant's unlawful employment practices.

4.     At all times pertinent hereto, Defendant, FOLEY CELLULOSE LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action,

Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, a 59-year-old whistleblower with a disability, began his employment with Defendant on or about December 30, 1985 and held the position of Optimizer/Gatekeeper at the time of his wrongful termination on February 2, 2020.

7.      Despite his stellar work performance during his employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his private whistleblower status, age (59), disability, and because he reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Corporate Director of Quality, Debbie Good ("Good"), Plant Manager, Ashim Banerjee ("Banerjee"), Human Resources Manager, Lauren Hickman ("Hickman"), Human Resource Personnel, Ruth Stevens ("Stevens"), and Human Resource Manager, Walter Davis ("Davis").

9.      In 2016, Plaintiff became a private whistleblower when he reported to Defendant violations of the Florida Deceptive and Unfair Trade Practices Act codified in Chapter 501, Florida Statutes, and the Weights and Measures Act of 1971, codified in Chapter 531, Florida Statutes, in

that he reported to Ms. Good that Defendant was improperly labeling its cellulose packaging to .001 units of measurement when its equipment could not scientifically estimate it to be within such a precise range.

10.     In December 2017, Plaintiff was placed on work restrictions by his medical doctor due to a serious medical condition which was caused by Defendant's toxic work environment perpetuated by Mr. Banerjee. Specifically, Plaintiff was restricted to working no more than 8 hours per day and no more than 40 hours per week.

11.     In January 2018, Plaintiff reported to his supervisor, Kelly Ellis, that he was being subjected to a hostile working environment at Defendant's plant which was being caused by Defendant not respecting Plaintiff's working restrictions which were based upon his disability and medical condition. Specifically, Plaintiff was subjected to hours well over 8 per day and additionally he was made to answer business phone calls late into the evening and even during early morning hours after he was off work and on holidays and weekends.

12.     In January 2019, Plaintiff again reported to his supervisor, Ron Fox, that he was being subjected to a hostile working environment at Defendant's plant which was being caused by Defendant not respecting Plaintiff's working restrictions which were based upon his disability and medical condition. Specifically, Plaintiff was subjected to hours well over 8 per day and additionally he was made to answer business phone calls late into the evening and even during early morning hours after he was off work and on holidays and weekends. Following this complaint, Defendant began an investigation which was led by Mr. Davis. Mr. Davis himself had been a part of the creation of this toxic working environment which led to many employees' refusal to participate in the investigation because of their own fears of retaliation.

13.     In early 2019, Mr. Davis and Plaintiff discussed Plaintiff's future retirement during a meeting.  Before Plaintiff could return to his office Mr. Davis had sent an email to him with a date certain for his retirement later in 2019. Plaintiff was forced to clarify that he had no plans to retire in the near future.

14.     In July 2019, in response to Plaintiff's whistleblowing and reporting of Defendant's toxic working environment, Defendant began requiring Plaintiff to perform the duties of at least two separate positions. Plaintiff performed the duties of an Optimizer and a Gatekeeper to cover for Defendant's understaffing.

15.     Defendant routinely required Plaintiff to work more than 40 hours per week and over 8 hours per day. Twelve-hour days were not uncommon, and Plaintiff was once even required to work a 16-hour day. These hours were worked by Plaintiff and other employees under threat of termination by Mr. Banerjee.

16.     On August 2, 2019, Plaintiff suffered a mental and physical breakdown as a result of the toxic working environment maintained by Defendant. Plaintiff's treating physician completed and submitted medical documentation required for Plaintiff to receive short-term disability benefits from Defendant's third-party administrator. Despite submitting the requisite documentation, Plaintiff was only paid short-term disability benefits from August 2, 2019 until October 24, 2019. Thereafter, Plaintiff was denied benefits by Defendant in retaliation for his previous reporting and because of his medical condition.

17.     Whereas Plaintiff was refused the reasonable accommodation of having his physician's hour restrictions honored by Defendant and having Defendant honor his right to disability benefits, Process Engineer Randy Baker, was never subjected to Defendant's discriminatory refusal to accommodate his work restrictions. Unlike Plaintiff, Mr. Baker made no

4

complaints of illegal activity or discrimination to Defendant. Like Plaintiff, Mr. Baker was limited to working 40-hour weeks. Further, Mr. Baker was not subjected to after-hours, weekend, and holiday calls.

18.     Following Defendant's October 24, 2019 retaliatory denial of Plaintiff's short-term disability benefits, Plaintiff sought to submit additional documentation to Defendant to process his disability benefits however, in further retaliation, Defendant would not reconsider its denial of disability benefits. Defendant favored younger employees whom could work longer hours and were paid less in wages. Since Plaintiff did not fit this mold Defendant used his disability as a means to usher him into an early retirement. Despite Plaintiff's attempts to amicably resolve this matter, Defendant would not allow him to return to work and terminated his employment on February 2, 2020.

19.     Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

**COUNT I**
**PRIVATE WHISTLEBLOWER RETALIATION**

20.     Paragraphs 1 through 19 are incorporated herein by reference.

21.     This is an action brought under §448.101, et seq., Florida Statutes.

22.     As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to, refused to participate in and/or reported certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

23.     As a result of Plaintiff' objections, Plaintiff was fired.

24.     Plaintiff was terminated because he engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant

5

which is in actual or suspected violation of a law, rule, or regulation and/or reported the actual or suspected violations and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said objecting and/or reporting.

25. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

26. As a direct and proximate cause of Plaintiff's participation in the whistle blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue today. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## AGE DISCRIMINATION

27. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

28. This is an action against Defendant for discrimination based upon age brought under Chapter 760, Florida Statutes.

29. Plaintiff has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

30. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and

6

facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

31.   In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

32.   The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

33.   Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

34.   As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and to punitive damages under Chapter 760, Florida Statutes.

## COUNT III
## DISABILITY DISCRIMINATION

35.   Paragraphs 1 through 19 are realleged and incorporated herein by reference.

36.   This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

37.   Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

38.   Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, as well as its failure to engage in the interactive process with Plaintiff, which adversely

7

affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

39.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

40.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

41.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or his record of having an impairment under the laws enumerated herein.

42.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT IV
## RETALIATION

43.     Paragraphs 1 through 19 are realleged and incorporated herein by reference.

44.     Defendant is an employer as that term is used under the applicable statutes referenced above.

8

45.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting him under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

46.     The foregoing unlawful actions by Defendant were purposeful.

47.     Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

48.     Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

49.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

9

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff awarding all legally-available damages for emotional pain and suffering to Plaintiff from Defendant for Defendant's violations of law enumerated herein.

(e)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(f)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(g)     award Plaintiff interest where appropriate; and

(h)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 13th day of October 2021.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:   (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

10

OCT 1 9 2021